■ In the Matter of the Estate of ABDELAZIZ FAKI, Deceased. LONG ISLAND TRUST COMPANY, as Administrator of the Estate of ABDELAZIZ FAKI, Deceased, et al., Respondents; SALHA A. FAKI, as Mother and Natural Guardian of DEENA A. FAKI, et al., Appellants.—In a proceeding for leave to settle and compromise a cause of action for negligence resulting in the decedent's death, the surviving wife, individually and as guardian of the surviving infant, and the survivors' attorney in fact appeal from so much of (1) a decree of the Surrogate's Court, Westchester County, dated July 6, 1978, as (a) provided for the payment of the infant's share of the settlement proceeds to the Long Island Trust Company as guardian, (b) denied commissions to the attorney in fact, and (c) set attorney's fees with respect to the infant's share of the recovery, and (2) an order of the same court, dated October 18, 1978, as, upon granting "reconsideration" (in effect, reargument), adhered to the original determination. Appeal from the decree dated July 6, 1978 dismissed as academic, without costs or disbursements. That order was superseded by the order granting "reconsideration". Order dated October 18, 1978 modified by adding thereto a provision that a hearing should be held as to the propriety of retaining the infant's share of the recovery in the United States. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Surrogate's Court, Westchester County, for an evidentiary hearing consist-

ent herewith. On September 23, 1975 Abdelaziz Faki, a national of Saudi Arabia, died as the result of injuries suffered in an automobile accident. He was survived by his wife, an infant daughter, and his parents, all nationals of Saudi Arabia and residing there. An action to recover damages for conscious pain and suffering and for wrongful death was instituted by Long Island Trust Company, as administrator of the estate of the decedent. An application was made to the Surrogate's Court for the approval of the settlement of the action for the sum of $550,000. The Surrogate approved the settlement and directed that the sum of $207,760.97, the share of the decedent's infant daughter, be paid to Long Island Trust Company, as her guardian, and remain in its jurisdiction until further order of the court. No evidentiary hearing was held as to the propriety of retaining the daughter's share in the United States (see SCPA 2218, 2220, 2221). There is no showing in the record that the share of the infant would not be held for her benefit if transmitted to Saudi Arabia. There are, however, vague and ambiguous statements in the record with respect to a prospective investment of the infant's share in a real estate development in Saudi Arabia in the event her share was sent to a fiduciary there. There should be evidence received at a hearing before the Surrogate to determine whether under the law of Saudi Arabia a fiduciary has been appointed or exists on behalf of the infant, the powers of such a fiduciary under the law of Saudi Arabia, whether it is contemplated that the infant's share will be invested in a real estate development, and whether such an investment is proper. We have considered the contentions of the appellants that the Surrogate should have granted an allowance to Doctor Mosly, the infant's uncle, for his services, and made a larger award to the attorney for his services in the action for damages and find no reason to disturb the exercise of discretion by the Surrogate. Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.